■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAYDEE BILLY FARMER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 23, 1976, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the defendant's motion to suppress statements made by him. Judgment reversed, on the law, motion granted, plea vacated and case remitted to Criminal Term for further proceedings consistent herewith. According to Detective Gallagher, the defendant, who had been questioned and released the day before, was brought to the station for further questioning. Soon after his arrival, the defendant was given his *Miranda* warnings and he then refused to answer questions until he had seen or spoken to an attorney. Questioning ceased and the defendant was allowed to call his grandmother, as he requested. The victim in this case died during the course of a burglary and the defendant volunteered that he knew about a burglary involving two people named Bernard and Sam. The defendant gave Gallagher some information about Bernard and then, according to Gallagher, said: " 'I don't know anything about Sam. I can't tell you who I got it from.' That was—he says, 'Let me get Greg and talk to him alone. I'll find out.' " Gallagher then asked the defendant if he had ever been inside the building in which the murder occurred and about a brown bag. The

defendant denied having been in the building or knowing anything about the bag. He·then said: "I'll tell you what, go get Greg, he's on St. James, 230. He's there now. When you get him, then I'll tell you about it." The police stopped questioning Farmer. They found and brought in Greg White. White and Farmer were allowed to have a brief conversation and then White was led away for interrogation. Farmer was kept in the interrogation area while the police were looking for White and apparently remained in the same area while the police questioned White. The record indicates that no attempt was made to obtain counsel for the defendant during this period of about four hours. Gallagher testified that after obtaining a confession from White, he spoke to the defendant: "I told Mr. Farmer, in essence, what Mr. White said and Mr. Farmer stated, 'Greg gave it to us. Huh. That's how it went.'" The defendant then confessed. There is no indication in the record that the defendant was given his *Miranda* warnings from the time he called his grandmother until the Assistant District Attorney advised him of his rights before obtaining a formal statement from him well after Farmer made his confession to Gallagher. The People's argument that Farmer voluntarily waived his right to remain silent in the absence of counsel when he said "I'll tell you what, go get Greg * * * When you get him, then I'll tell you about it", fails because the police never reminded the defendant of his right to remain silent and his right to have an attorney present and, on this record, never explicitly asked the defendant if he would waive the presence of counsel. After this statement was made, a new set of warnings should have been administered. The police, we note, again, never attempted to get counsel for him. In *People v Blasingame* (65 AD2d 455, 458-459) we said: "Contrary to the narrow view expressed by the trial court, the law seems settled that once an accused expresses a desire to obtain an attorney, the police are prohibited from any further interrogation until he has been given that opportunity *(Miranda v Arizona,* 384 US 436, 475; *People v Jackson,* 41 NY2d 146). If an individual states that he wants an attorney, interrogation must cease until one is present *(Miranda v Arizona, supra,* p 474). The *mere requesting* of counsel, or the evincing of an intent to retain counsel, by a defendant is sufficient to render defective any further questioning by police as to the crime with which the defendant is charged. The constitutional and statutory right of a defendant to assistance of counsel at every stage of a criminal case is not limited, *inter alia,* to the situation where a defendant *already* has an attorney *(People v Waterman,* 9 NY2d 561, 565). It also includes a reasonable time to obtain counsel *(People v Waterman, supra,* p 565; *People v Koch,* 299 NY 378, 381; *People v McLaughlin,* 291 NY 480)." Under the circumstances of this case, the statements made after defendant requested counsel should have been suppressed (cf. *People v Pugh,* 70 AD2d 664; *People v Stroh,* 63 AD2d 326, 333). We have considered the defendant's other argument and find it to be without merit. Hopkins, J. P., Damiani, Titone and Margett, JJ., concur.