■     In the Matter of WILLIAM WATTLEY, Appellant, v EUGENE LeFEVRE, as Superintendent of Clinton Correctional Facility, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered July 16, 1979 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to compel respondent to credit time he was on parole prior to a declaration of delinquency against a subsequent sentence of imprisonment. It appears from the record that appellant was sentenced in October, 1972 to an indeterminate term of imprisonment of 0 to 7 years; that he was paroled on June 10, 1975; that following his arrest on new charges, he was declared delinquent on January 25, 1977; and that he was convicted on new charges and sentenced on September 16, 1977 to an indeterminate term of imprisonment of 7½ to 15 years to run concurrently with his original sentence. Appellant sought credit toward his new sentence of imprisonment for the time he spent on parole on the original sentence prior to a declaration of delinquency. Special Term dismissed his petition and this appeal ensued. Appellant contends that pursuant to section 70.40 of the Penal Law, he continued to serve his original sentence while on parole until the declaration of delinquency. Consequently, he argues that his time spent on parole should be credited toward his minimum period of imprisonment under the second sentence imposed. There is no provision, however, in section 70.40 of the Penal Law providing for a credit toward the term of a subsequent concurrent sentence although there is a provision for a credit for time spent in custody against the term of the interrupted sentence (Penal Law, § 70.40, subd 3, par [c]). Section 70.30 of the Penal Law specifically deals with the calculation of terms of imprisonment and, in our view, that section is controlling in the present case. Section 70.30 (subd 1, par [a]) of the Penal Law provides, in pertinent part, that "If the sentences run concurrently, the time served under imprisonment on any of the sentences shall be credited against the minimum periods of all the concurrent sentences". It is the opinion of this court that appellant was not under imprisonment during the time he was on parole prior to the declaration of delinquency and, accordingly, he is not entitled to any credit for said time. Appellant also maintains that he is entitled to a credit of 50 days for time he spent in custody prior to his original sentence. Special Term noted that this contention was not argued

or briefed by counsel, but only mentioned by appellant to his attorney during oral argument. No determination on the issue was made by Special Term and leave was granted to appellant to pursue this claim at a later date. Since the issue was not properly presented at Special Term and is not properly presented on the record, appellant's arguments in this regard may not now be considered by this court (see *Bankers Trust Co. of Albany, N. A. v Martin,* 51 AD2d 411). Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.