■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SAL CYPRIANO, Respondent.—Order, Supreme Court, Bronx County, entered August 16, 1978, granting defendant's motion to suppress his statements, unanimously reversed, on the law, the motion denied, and the matter remanded for further proceedings. Defendant was suspected by the police of being involved in arson because the license number of the motor vehicle believed to have been utilized by the firebombers, which number was supplied by an eyewitness, disclosed ownership by defendant. As defendant was wanted on a bench warrant for possession of a weapon—a prior crime unrelated to the firebombing incident—the police arrested him on the warrant in expectation of inquiry as to defendant's involvement in the arson. Defendant was given the required *Miranda* warnings, both at his house at the time of his arrest and subsequently at the precinct. In the course of questioning about the arson, defendant gave inculpatory statements admitting involvement in the

arson and identifying others who were also involved. On defendant's subsequent motion to suppress these statements the hearing court characterized the interrogation of defendant as not "overbearing," found that defendant was properly advised of his rights, waived them and freely and voluntarily made his admissions. The distinction delineated in *People v Settles* (46 NY2d 154) between circumstances where the right to counsel attaches, which right may be waived without the presence of a lawyer, and circumstances where the right to counsel indelibly attaches to the extent that it can only be waived in the presence of a lawyer, as applied to the circumstances herein, warrants the conclusion that a proper waiver was effected without the presence of a lawyer being required (see *People v Coleman,* 43 NY2d 222). Nevertheless, the hearing court determined to suppress the statements, reasoning that the motive of the police in arresting defendant on the warrant is critical in determining the reasonableness of custodial questioning, and since the arrest on the warrant was a pretext to question defendant as to the arson, the arrest was a sham. Assuming the police did not have probable cause to arrest defendant in connection with the arson, nevertheless probable cause existed for defendant's arrest in consequence of the warrant in connection with a gun possession charge. Defendant's arrest on the warrant was not a sham, nor could it be made so because the police were naturally more anxious to question defendant about the arson, a crime newer and graver than the pending gun possession charge. Simply stated, defendant's Fourth Amendment rights were not violated even if the purpose of the lawful arrest had been to question him about an offense unrelated to the bench warrant and concerning which the People could not have constitutionally taken the defendant into custody. Patently, the People's duty to arrest defendant on the warrant could not be used by defendant as a shield against the People's questioning him about the arson (see *People v Johnson,* 49 AD2d 663, affd 40 NY2d 882). The Constitution does not mandate such an absurd result. To reiterate, a lawful arrest upon the warrant, followed by lawful questioning about the arson, cannot constitute illegality because the police, deeming arson of a dwelling more grave than possession of a gun, intended prior to the arrest upon the warrant to interrogate defendant about the arson. In light of the aforesaid, we do not reach the issue of whether the police had probable cause to arrest the defendant for arson. Concur—Kupferman, J. P., Birns, Fein, Markewich and Lupiano, JJ. [95 Misc 2d 47.]