■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD ALLEN WENZEL, Appellant.—Appeal from a judgment of the County Court of Otsego County, rendered February 14, 1979, upon a verdict convicting defendant of the crime of criminal sale of marihuana in the second degree. Defendant's conviction is based on the sale of marihuana to one Daniel Linzer, then 14 years of age, at Morris, New York, on October 13, 1978. On this appeal he raises a number of issues related to the sufficiency of the evidence and the failure of the court to charge criminal sale of marihuana in the fifth degree as a lesser included offense. A review of the record discloses that there was proof well beyond a reasonable doubt of defendant's sale of marihuana as alleged in the indictment, and that the court was correct in refusing to charge the lesser offense as requested. Error is further assigned to the court's failure to accede to the jury's request to rehear the testimony of four youthful witnesses. However, the record demonstrates that the court did not categorically refuse the request; it added that the matter would be reconsidered if the jury returned with a second request after giving the matter additional consideration (see *People v Pena,* 50 NY2d 400). Moreover, and in any event, there was no objection to the court's procedure and, absent such an objection, we detect no reason to upset the judgment on that ground (cf. *People v Malcolm,* 35 AD2d 1037). Lastly, it is contended that the court erred in refusing to instruct the jury that, under section 221.50 of the Penal Law, defendant must be proven to know that the person to whom he was selling was under the age of 18 years before he could be found guilty. The statute recites that: "A person is guilty of criminal sale of marihuana in the second degree when he knowingly and unlawfully sells * * * marihuana to a person less than eighteen years of age." While it may be argued that the word "knowingly" applies to each and every element of the quoted section, and by statute it is presumed to so apply (Penal Law, § 15.15, subd 1), it is also clearly and specifically provided that when the term "knowingly" appears in a section in which the age of a child is an element, knowledge of such age is not an element of the offense and the defendant may not assert a lack thereof as a defense (Penal Law, § 15.20, subd 3). Judgment affirmed. Greenblott, J. P., Kane, Staley, Jr., Mikoll and Casey, JJ., concur.