■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARY K. ANGUS, Appellant. — Appeal from a judgment of the County Court of Albany County, rendered May 18, 1979, upon a verdict convicting defendant of the crime of grand larceny in the second degree. As a result of various incidents which allegedly occurred during the months of December, 1977 through August, 1978, whereby defendant extorted approximately $70,000 from one Harold Casson by threatening to expose him to his family and the police as having had sexual intercourse with defendant's infant daughter and by further threatening to tell Casson's family and the police that Casson had fathered the infant child in question, defendant was indicted for the crime of grand larceny in the second degree, a class D felony (Penal Law, § 155.35). Following trial, a jury verdict of guilty was rendered against defendant on this charge, and defendant's motion to set aside the verdict as being contrary to the law and the weight of the evidence was denied. Defendant was thereupon sentenced to an indeterminate term of imprisonment of not less than two and one-third nor more than seven years, and this appeal ensued. We hold that the judgment of County Court should be affirmed, and in so ruling, we find without merit defendant's contention that the court committed reversible error by failing to suppress certain inculpatory statements which defendant had made to the police in the absence of counsel. At the time the subject statements were made, defendant had been arrested pursuant to an arrest warrant specifying charges unrelated to those charged by the indictment in this action, but she was not as yet represented by counsel on the charges specified in the arrest warrant. The evidence further indicates that defendant was fully advised of and waived her *Miranda* rights, that the police ceased questioning defendant upon being informed that an attorney was representing her, and regarding the larceny charge at issue here, that no criminal action had been commenced against defendant at the time of the subject interrogation. Under these circumstances, any questioning of defendant relative to the charges specified in the warrant was clearly improper because a criminal action on those charges had been commenced and defendant had not waived her right to counsel on those charges in the presence of counsel *(People v Samuels,* 49 NY2d 218). Questioning on the unrelated larceny charge was permissible, however, because, as noted above, a criminal action had not as yet been commenced on the larceny charge and defendant was not, at the time of the interrogation, represented by counsel on the charges specified in the arrest warrant *(People v Kazmarick,* 52 NY2d 322). We also note on this issue that, while the questioning on the larceny charge was admittedly contemporaneous with the questioning on the charges specified in the arrest warrant, there has been no showing that the police exploited the impermissible questioning on the charges in the warrant with the effect of advancing their interrogation on the larceny

charge (cf. *People v Ermo,* 47 NY2d 863). Such being the case, the denial of defendant's suppression motion was proper and should be sustained. Defendant's remaining contentions are similarly lacking in substance. The inculpatory statements of defendant are amply corroborated by, *inter alia,* the complainant's testimony and documentary evidence, such as checks and bank records, establishing large transfers of money from complainant to defendant, and even if the property extorted consisted of forced loans to defendant rather than money demanded outright, the record still contains sufficient evidence to support the ultimate larceny conviction (cf. *People v Spatarella,* 34 NY2d 157). As for defendant's sentence, it was within the statutory limits for a class D felony (Penal Law, § 70.00, subd 2, par [d]; subd 3, par [b]), and the court adequately explained the reasons for the term it imposed. No extraordinary circumstances have been presented which would warrant our disturbance of the court's action. Judgment affirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.