THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHRISTOPHER SANO, Respondent. — Appeal from an order of the County Court of Chemung County (Monroe, J.), entered March 19, 1982, which granted defendant's motion to suppress certain written and oral statements pursuant to CPL 710.20. On November 4, 1981, defendant Sano was arrested by Investigator Sherril Miller of the City of Elmira Police Department pursuant to warrants issued by the Elmira Recorder's Court for unauthorized use of a motor vehicle and petit larceny. Sano was taken to the Elmira Police Department before arraignment where he was booked on the warrants and questioned concerning unrelated burglaries which formed the basis of Indictment No. 81-372 returned by a Chemung County Grand Jury on November 12, 1981. Prior to questioning defendant on the unrelated burglaries, Investigator Miller advised defendant of his *Miranda* rights and inquired if he was represented by counsel on the unrelated crimes. Sano responded in the negative and oral and written admissions were obtained from him concerning the burglaries. After a suppression hearing was conducted, the County Court issued an order suppressing the oral and written evidence. The People thereafter filed a statement pursuant to CPL 450.50 and this appeal ensued. The order granting suppression should be reversed, the motion denied and the matter remitted to County Court for further proceedings. The County Court improperly ruled that the

defendant herein, arrested on a validly executed warrant, may not be custodially interrogated as to charges totally unrelated to those in the warrant without independent proof of probable cause to arrest on the unrelated charges (see *People v Kazmarick,* 52 NY2d 322; *People v Angus,* 81 AD2d 971, affd 56 NY2d 549; *People v Cypriano,* 73 AD2d 902). In the instant case, Investigator Miller clearly had probable cause to arrest Sano by reason of the warrants issuing from the Elmira Recorder's Court which he executed. In *People v Kazmarick* (52 NY2d 322, 324, *supra*), the Court of Appeals held that "[a] pending unrelated criminal case upon which an arrest warrant has issued does not bar the police from questioning a suspect when the suspect does not in fact have counsel on the unrelated charge". The detention and custody of defendant during the reasonable processing related to the arrest warrants, as here, does not appear to be violative of his Fourth Amendment rights, when, while in custody, he is questioned concerning unrelated charges under investigation of which he is a suspect. The seizure of defendant does not here depend on probable cause to arrest him for the unrelated criminal activity under investigation, but rather depends on the arrest warrants. The subject matter of police questioning in itself does not and should not terminate or invalidate a valid arrest. Order reversed, on the law, motion to suppress denied, and matter remitted to the County Court of Chemung County for further proceedings. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.