## (September 16, 1982)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MASTER-SON, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered May 4, 1981, convicting defendant upon his plea of guilty of the crime of burglary in the third degree. Defendant's contention that his oral admission, relating to an unrelated burglary under investigation and made after *Miranda* warnings were given but in the absence of counsel and after his arrest on a menacing warrant, should have been suppressed is without merit (*People v Angus,* 81 AD2d 971, affd 56 NY2d 549). There was no abuse of discretion in denying him youthful offender status or in the sentence imposed in view of his prior criminal history. Judgment affirmed. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.

■ In the Matter of LARRY DE BERRY, Appellant, v RODNEY MOODY, as Clerk of Clinton Correctional Facility, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Levine, J.), entered October 9, 1981 in Clinton County, which granted respondent's motion to dismiss petitioner's application, in a proceeding pursuant to CPLR article 78, challenging respondent's computation of petitioner's sentence. Upon being convicted of the crime of robbery in the second degree, in the Court of General Sessions of the County of New York, petitioner was sentenced on June 22, 1962 to a term of imprisonment of not less than 20 nor more than 30 years, and he served 10 years, 4 months and 28 days on this sentence and was then paroled on November 24, 1972. Subsequently, on September 27, 1977, he was found guilty of rape in the first degree, sodomy in the first degree, rape in the second degree, sodomy in the second degree and endangering the welfare of a child. Adjudged a predicate felony offender, he was thereafter sentenced to consecutive terms of 12½ to 25 years each on the rape in the first degree and sodomy in the first degree charges with the sentence on the rape charge to run concurrently with his earlier 20- to 30-year term for the robbery conviction, and he received lesser concurrent terms for the remaining crimes of which he was convicted. With these circumstances prevailing on May 19, 1981, a petition was served by petitioner challenging respondent's computation of his sentence, and respondent moved to dismiss the petition. Following a hearing on the matter at Special Term, respondent's motion was ultimately granted, and this appeal ensued. The judgment of Special Term should be affirmed. Petitioner's basic position here, i.e., that he was not fully credited by respondent with the time he previously served under imprisonment in the determination of his minimum sentence, is unsubstantiated in the record and without merit. From the documentary evidence in the record, it is clear that he was fully credited with the 10 years, 4 months and 28 days he earlier served on the robbery conviction and that he was further credited with the 6 months and 23 days of jail time which he served while awaiting transfer to a State correctional facility. Moreover, as for the time petitioner was released on parole from his sentence on the robbery conviction, he is plainly not entitled to a credit for this period in the determination of his minimum period of imprisonment (*Matter of Wattley v LeFevre,* 73 AD2d 748). Judgment affirmed, without costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.