■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH HELLER, Appellant. — Appeal by defendant from a judgment of the County Court, Rockland County (Miller, J.), rendered May 13, 1981, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress statements and physical evidence. Judgment affirmed. On this appeal, defendant argues that his confession should have been suppressed because it was the fruit of an illegal arrest and was taken in violation of his right to counsel, and that certain physical evidence taken from his automobile and the stolen property found at his direction should have been excluded from trial. His contentions are without merit. Defendant was arrested on a valid warrant issued as a result of his violation of the terms of a conditional discharge imposed upon a previous conviction. The fact that the police were primarily interested in questioning defendant with regard to the burglary involved in the instant matter is insufficient to make the otherwise valid

arrest invalid (see *People v Sano,* 89 AD2d 666; *People v Cypriano,* 73 AD2d 902). Defendant claims that his right to counsel had attached in three ways prior to his confession: (1) by his specific request for counsel; (2) by his request to his wife to obtain counsel; and (3) by the fact that he was represented by counsel on the charge underlying the conditional discharge which he violated. Although it is axiomatic that upon defendant's request for counsel, interrogation must cease until an attorney is present (see *Miranda v Arizona,* 384 US 436, 474; *People v Cunningham,* 49 NY2d 203, 205; *People v Farmer,* 71 AD2d 903), the hearing court found that no such request was made, and there is no basis in the record for reversing this determination. Defendant's request to his wife was not a sufficient invocation of his right to counsel to require the police to cease questioning (see *People v Fuschino,* 59 NY2d 91, 100). Under *People v Bartolomeo* (53 NY2d 225) and *People v Smith* (54 NY2d 954), a defendant's right to counsel attaches immediately when the police know or should know that the defendant was represented by counsel on a prior unrelated charge. This rule has never been held to apply, however, where the prior charge is no longer pending (cf. *People v Brownlee,* 119 Misc 2d 996), and, indeed, all of the cases discussing it refer to a prior unrelated *pending* charge (see, e.g., *People v Hawkins,* 55 NY2d 474; *People v Ferrara,* 54 NY2d 498; *People v Kazmarick,* 52 NY2d 322). In the case at bar, the only connection between the prior charge, which had been disposed of more than two years earlier, and the instant matter, was the fact the predicate for defendant's arrest was a warrant issued after he allegedly violated the terms of the conditional discharge imposed on the prior charge. The prior criminal action having been terminated with the imposition of sentence (CPL 1.20, subd 16, par [c]), there is no logical basis for extending the rule of *Bartolomeo (supra)* to such a situation, and we decline to so extend it. Further, the fact that the police knew of defendant's violation of his conditional discharge gave rise to no duty on their part to investigate further his possible representation by counsel (see *People v Marshall,* 98 AD2d 452). With regard to the seizure of physical evidence, defendant's motion was also properly denied. After arresting defendant, the police were justified in searching his vehicle (see *People v Orlando,* 56 NY2d 441; *People v Clark,* 45 NY2d 432; *People v Brnja,* 70 AD2d 17, affd 50 NY2d 366). Since we have found defendant's arrest to be lawful, the stolen property found at defendant's direction in a field adjacent to the burglarized premises was not the product of any illegal police activity, and therefore was properly not suppressed. Lazer, J. P., Thompson, Bracken and Rubin, JJ., concur.