■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENO W. GEE, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Mallon, J.), rendered March 10, 1983, convicting him of criminal possession of stolen property in the second degree and leaving the scene of an incident without reporting, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress certain statements.

Judgment affirmed.

Defendant contends that his oral and written confessions should have been suppressed. However, great weight must be accorded the determination of the hearing court with its particular advantages of having seen and heard the witnesses (*People v Prochilo,* 41 NY2d 759, 761), and that determination should not be disturbed where it is supported by the record (*People v Boyce,* 89 AD2d 623, 624; *People v Duncan,* 75 AD2d 823, 824; see, also, *People v Armstead,* 98 AD2d 726). Here, the suppression court specifically found that defendant had twice been given *Miranda* warnings (see *Miranda v Arizona,* 384 US 436) and had knowingly and intelligently waived his rights. Further, the court

found that defendant's statements were voluntary and had not been induced by force or threats. There is no basis in the record for reversing these findings.

Defendant also argues that his statements should have been suppressed because he was actually represented by an attorney in an unrelated criminal case at the time of his arrest on the instant charges. In this regard, the evidence adduced at the hearing established that defendant had been arrested for petit larceny on April 12, 1982. On June 14, 1982, defendant had pleaded guilty to harassment in satisfaction of the petit larceny charge and had been sentenced to pay a $25 fine. The sentencing court had given defendant a period of time in which to pay the fine. On June 15, 1982, the day after the imposition of sentence in the prior case, the events giving rise to the instant charges occurred. However, defendant was not arrested and interrogated on the instant charges until June 29, 1982, 15 days after his sentencing on the earlier charge. The police who arrested defendant on June 29 were aware of his prior arrest for petit larceny.

Under these circumstances, we perceive no violation of defendant's constitutional right to counsel. Where the police have actual knowledge that a defendant is represented by counsel on a prior unrelated charge, they may not question him without his attorney being present (*People v Rogers,* 48 NY2d 167). Further, where the police have actual knowledge that a defendant has prior unrelated charges pending against him, they are obligated to inquire whether defendant has counsel in that case and, if they fail to make such inquiry, they are chargeable with whatever information it would have disclosed (*People v Fuschino,* 59 NY2d 91, 98; *People v Smith,* 54 NY2d 954, 956; *People v Bartolomeo,* 53 NY2d 225, 231-232). However, we have declined to extend the right to counsel to situations where the prior unrelated charge is no longer pending.

For example, in *People v Heller* (99 AD2d 787), a prior unrelated charge had been disposed of more than two years earlier by conviction and the imposition of a conditional discharge. We held that the criminal action had terminated with the imposition of sentence (CPL 1.20, subd 16, par [c]), and the fact that a warrant had been issued for violation of the terms of the conditional discharge did not serve to revive the pendency of the prior charge for purposes of extending the right to counsel. We have also held that knowledge by the police of defendant's violation of the conditional discharge did not give rise to a duty to investigate his possible representation by counsel (*People v Heller, supra,* p 788).

Similarly, in *People v Marshall* (98 AD2d 452), defendant's prior unrelated charge had been disposed of by conviction and

the imposition of a fine, which he had not paid by the date set by the court. As a result, certain postconviction proceedings were conducted in connection with defendant's failure to pay, at which defendant was represented by counsel. While these postconviction proceedings were pending, defendant was arrested on a new charge, waived his right to counsel without an attorney being present, and confessed. The interrogating officer, who had actual knowledge of the prior charge, inquired as to its status, and defendant replied that he had received a fine which had not been paid. We concluded that the officer's discovery that the fine had not been paid did not obligate him to make further inquiry as to whether defendant was then represented by counsel in a postconviction proceeding: "[T]he police are entitled to end their inquiry when they are reasonably led to believe that the only prior case about which they have knowledge has been terminated by conviction and the imposition of sentence * * * We hold, therefore, that, under the circumstances at bar, where a reasonable and sufficient inquiry did not result in disclosure of the fact that the defendant was represented by counsel in an unrelated matter at the time he was being interrogated, his waiver of *Miranda* rights in the absence of counsel was effective" (*People v Marshall,* 98 AD2d 452, 463, *supra*).

Applying these principles to the case at bar, it is evident that the prior criminal action against defendant had terminated on June 14, 1982, when he had been sentenced to pay a fine (CPL 1.20, subd 16, par [c]). Therefore, the action was no longer pending when he was arrested and interrogated on June 29, 1982, 15 days later, notwithstanding the fact that the fine had yet to be paid. Accordingly, we conclude that at the time of his interrogation on the instant charges, defendant's right to counsel had not attached by reason of his representation by counsel on a prior unrelated charge, and his waiver of the *Miranda* rights in the absence of counsel was therefore effective. Assuming knowledge by the police of defendant's prior arrest for petit larceny gave rise to a duty to inquire, the police were chargeable only with the information which a reasonable and sufficient inquiry would have disclosed, namely, that defendant had already been sentenced in the prior unrelated case to pay a fine, and that he had not yet paid it (see *People v Kazmarick,* 52 NY2d 322, 329). Such an inquiry would not have revealed the existence of any postconviction proceeding in which defendant was actually represented by counsel, for there was, in fact, no such pending proceeding. Bracken, J. P., O'Connor, Niehoff and Boyers, JJ., concur.