■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BURRESS, Appellant.—Judgment unanimously modified, on the law, and, as modified, affirmed, in accordance with the following memorandum: During the course of a robbery and homicide investigation, defendant was arrested on an outstanding bench warrant issued on an unrelated matter and, while being transported to the police station, he implicated himself in the crimes under investigation. Since defendant was not represented by counsel on the unrelated pending charges specified in the bench warrant, the police were not foreclosed from questioning him in the absence of counsel about the robbery and homicide *(see, People v Kazmarick,* 52 NY2d 322; *see also, People v Angus,* 81 AD2d 971, *affd* 56 NY2d 549; *People v Cypriano,* 73 AD2d 902). Further, defen-

dant's motion to dismiss the indictment based on his claim that he was denied his constitutional right to a speedy trial without a hearing was properly denied. No prejudice in the defense of his case attributable to the delay is claimed (see, *People v Johnston,* 105 AD2d 1010, 1011) and no facts are established in the record warranting either dismissal of the indictment on speedy trial grounds or a hearing (CPL 210.45 [5] [b]). Defendant's *pro se* argument that he was denied the effective assistance of counsel on this speedy trial claim may be pursued under CPL 440.10 (see, *People v Brown,* 45 NY2d 852, 853-854). No objections to the charge of the court relating to the affirmative defense to felony murder contained in Penal Law § 125.25 (3) (a)-(d) or to the charge on intent have been preserved for our review as a matter of law (CPL 470.05). In any event, defendant received a more favorable charge than he was entitled to since the instructions of the court effectively incorporated the elements of the affirmative defense to felony murder and shifted the burden to the People to disprove the elements of this defense. However, there can be no attempt to commit a crime that does not involve a specific intent. Defendant's conviction for attempted felony murder under the second count of the indictment must be reversed and that count of the indictment dismissed (see, *People v McDavis,* 97 AD2d 302). We have examined the other issues raised by defendant's counsel and by defendant in his *pro se* brief and find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Ostrowski, J.—murder, second degree, and other offenses.) Present—Boomer, J. P., Pine, Balio and Schnepp, JJ.