OPINION OF THE COURT
Robert S. Kreindler, J.
On July 30, 1987 at Rikers Island, the defendant Henry Marquez signed a statement given to Detective Frank Maddalena admitting his participation in the robbery of two persons at the York Street subway station on December 20, 1986 which resulted in the stabbing death of Tyrone Thornton, one of the robbery victims. At the time he signed said statement on Rikers Island, the defendant was serving a sentence for burglary and had received, on July 24, 1987, six days before the statement was signed, an adjournment in contemplation of dismissal (hereinafter ACD) on another charge.
Thus, this court is presented with the novel question: does a *122 matter adjourned in contemplation of dismissal constitute an open case requiring suppression of an otherwise voluntary and admissible statement?
The court conducted a Huntley hearing at which the interviewing officer, Detective Maddalena, testified that he first learned of defendant’s identity while he was in custody. At that time, the detective was aware that the defendant had pending cases. He checked routinely from time to time with the District Attorney’s Office to ascertain whether those cases had been terminated. He further testified that he was familiar with the rule that "[kjnowledge that one in custody is represented by counsel, albeit on a separate, unrelated charge, precludes interrogation in the absence of counsel and renders ineffective any purported waiver of the assistance of counsel when such waiver occurs out of the presence of the attorney”. (People v Bartolomeo, 53 NY2d 225, 231; People v Rogers, 48 NY2d 167.) Once he confirmed that defendant received an ACD on July 24 and had previously been sentenced on the burglary case, Detective Maddalena proceeded to interview Mr. Marquez. He questioned the defendant and recorded his responses on paper. Defendant then signed both a statement which admitted his participation in the robbery and a second statement acknowledging that he received his Miranda rights.
Defendant argues that the ACD constituted an open case in which he was represented by counsel and which the People might seek to restore at any time prior to the automatic dismissal date. He maintains that interrogation therefore was improper and any resulting statement should be suppressed. To support his position, defendant called as a witness Lisa Schreibersdorf, the Legal Aid Society lawyer who represented him on the ACD. Ms. Schreibersdorf however testified that once the defendant received the ACD, her work on the case was completed. She advised that if the case were restored, she would have been his attorney. Nonetheless, Ms. Schreibersdorf was never required to appear again on the case.
In arriving at its decision, the court notes that the defendants in Rogers and Bartolomeo (supra) and People v Miller (54 NY2d 616) were all in custody and represented by counsel, although these representations were on unrelated pending cases. In Bartolomeo (supra) the Court of Appeals found that police awareness of defendants’ open cases created a duty to inquire whether defendant was represented by counsel on pending charges. Where the police discover that defendant has *123 counsel on his other cases, this knowledge voids any waiver of the assistance of counsel if the waiver is made absent counsel. (People v Settles, 46 NY2d 154; People v Hobson, 39 NY2d 479.) Should the police fail to inquire as to defendant’s representation, they are chargeable with what such an inquiry would have disclosed. (People v Bartolomeo, supra, at 232.) However, when the defendant does not in fact have counsel on the unrelated charge, the police are not barred from questioning the defendant on a new matter. (People v Kazmarick, 52 NY2d 322.)
This court also observes that the Court of Appeals appears reluctant to extend the rule articulated in Rogers and Bartolomeo (supra). Thus, they have ruled that where police do not actually know that other charges are pending, there is no warrant for imputing constructive knowledge that the suspect already has legal counsel, absent some measure of bad faith, i.e., misfeasance or deception on their part (People v Bertolo, 65 NY2d 111); knowledge by one police department that defendant was represented on a prior unrelated criminal charge which was still pending is not constructively imputed to another police department. (People v Fuschino, 59 NY2d 91.)
In rendering its decision on this motion, this court is also mindful that at any time prior to the expiration of the usual six-month period from the date of issuance of an ACD, the prosecutor must apply to the court in order to restore the case to the calendar. The court may in its discretion restore the case only upon a showing that the dismissal would not be in furtherance of justice. In order to exercise its discretionary authority to restore, the court must affirmatively determine that the dismissal would not be in furtherance of justice, otherwise the case is automatically dismissed after six months. The burden is on the People to persuade the court why a case should not be allowed to be dismissed. (CPL 170.55.) The court therefore finds that the ACD cannot be deemed an open case on which defendant was represented by counsel merely because the People might apply to restore the case. Quite clearly defense counsel’s work is completed when the ACD is granted.
Hence, defendant’s statement cannot be deemed to be in violation of the Rogers-Bartolomeo rule and defendant’s motion is therefore in all respects denied.