■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN JORDAN, Appellant.—Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Heller, J.), rendered September 21, 1983, convicting him of murder in the second degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence, and (2) by permission, from an order of the same court, dated September 19, 1986, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate the judgment.

Ordered that the judgment and order are affirmed.

Contrary to the defendant's position, the trial court did not deprive the defendant of a fair trial by reason of its refusal to dismiss the third count of the indictment charging him with robbery in the first degree based on the prosecution's failure to adduce proof to establish a completed robbery. The trial court, over the defense counsel's objection, instructed the jury as to the elements of the crime of robbery in the first degree but directed the jury not to consider the robbery charge unless the defendant was acquitted of the felony murder count. The defendant was convicted on the felony murder count. Thus, even assuming that the prosecution did not satisfy its burden of proof on the robbery count, any error in the submission of the count for the jury's consideration was harmless since the jury never considered the robbery offense *(see, People v Johnson,* 89 AD2d 814). Moreover, the trial court did not err in submitting the felony murder count to the jury with the robbery in the first degree count as the underlying felony since, "in felony murder the underlying felony * * * functions as a replacement for the *mens rea* or intent necessary for common-law murder" *(People v Berzups,* 49 NY2d 417, 427), but the completion of the underlying felony is not an essential

element of felony murder *(People v Ponder,* 77 AD2d 223, 231, *affd* 54 NY2d 160; *People v Murray,* 92 AD2d 617).

Moreover, the trial court did not err in denying, without a hearing, the defendant's motion pursuant to CPL 440.10 which was premised on claims of ineffectiveness of trial counsel. Firstly, the defendant's argument that his trial counsel was ineffective by reason of his failure to challenge the legality of his warrantless arrest in his home under the principles set forth in *Payton v New York* (445 US 573), is without merit. The evidence adduced at the pretrial suppression hearing clearly demonstrated that the detective did not engage in any coercive tactics and that his entry into the defendant's home was the product of an uncoerced and free choice on the part of the defendant's brother and mother. Accordingly, the warrantless arrest of the defendant in his home was not improper *(see, People v Davis,* 120 AD2d 606). Moreover, the allegations contained in the affidavits in support of the defendant's motion do not require a different result since they do not establish a lack of consent to the detective's entry into the defendant's home.

Secondly, the defendant's contention that the defense counsel was ineffective by failing to move for suppression of the defendant's postarrest statements on the basis that the statements were taken in violation of his right to counsel, is similarly without merit. The defendant's affidavit submitted in support of his motion pursuant to CPL 440.10 states that in response to the detective's inquiry, the defendant informed the detective that he had been represented by counsel on a prior criminal matter which had been adjourned in contemplation of dismissal. It is the defendant's position that the detective's subsequent questioning of the defendant was conducted in violation of his right to counsel *(see, People v Bartolomeo,* 53 NY2d 225). We disagree. At the time of the defendant's arrest on the instant charges, the defendant's prior criminal matter was no longer pending since the case had been previously disposed of by the granting of an adjournment in contemplation of dismissal, which, while not a determination of guilt or innocence (CPL 170.55 [6]), does effectively terminate the criminal matter and the defendant's legal representation in connection therewith since the accusatory instrument is automatically dismissed after six months absent an application by the People to restore the case to the calendar (CPL 170.55 [6]). This result is supported by this court's decisions in *People v Gee* (104 AD2d 561), *People v Heller* (99 AD2d 787) and *People v Marshall* (98 AD2d 452) which have

held that where a defendant fails to pay a fine in accordance with a prior sentence or violates the terms of a prior sentence of a conditional discharge, the prior criminal matter is not considered "pending" at the time of the defendant's confession on new charges (see also, People v Marquez, 141 Misc 2d 121).

We have considered the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Bracken, Spatt and Sullivan, JJ., concur.