■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND J. CODY, JR., Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered October 11, 1985, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

Susan Picariello, a high school student, was reported missing on June 2, 1984, and her remains were not found until October 21, 1984. The defendant was indicted for her murder and, prior to trial, moved to suppress, inter alia, certain statements he made to a Town of Cortlandt police officer on October 22, 1984, and to the State Police on December 12, 1984.

On appeal, the defendant contends that he was represented by an attorney with respect to the investigation of Picariello's disappearance as of August 7, 1984, and that the State Police questioned him in violation of his right to counsel while he was in police custody on December 12, 1984. The defendant does not dispute that he was advised of his Miranda rights when he was taken into custody by the State Police on December 12, 1984. In finding that the defendant waived his right to counsel with respect to the December 12th interrogation, the suppression court credited the testimony of the State Police witnesses that the defendant did not ask to contact an

attorney before making an oral and written statement implicating himself in Picariello's murder. Nevertheless, if the police had actual knowledge that the defendant was represented by an attorney with respect to the Picariello investigation, any purported waiver of his right to counsel in the absence of his counsel would be ineffective *(see, People v Hobson,* 39 NY2d 479). We find that the record fully supports the hearing court's determination that the State Police were not aware on December 12, 1984, that the defendant was represented by counsel. The fact that the State Police were informed by the defendant's father in August 1984 that the defendant would not take a polygraph examination on the advice of an attorney, was insufficient to provide actual notice to the police in December 1984 that the defendant was represented by counsel, particularly where no attorney had contacted the police on his behalf *(see, People v Lucarano,* 61 NY2d 138; *cf., People v Curatolo,* 76 AD2d 524). Although the State Police were informed by the defendant's father on December 10, 1984, that he intended to contact an attorney on the defendant's behalf, this was insufficient to cause the defendant's right to counsel to attach as the defendant was not then in custody *(see, e.g., People v Hartley,* 65 NY2d 703; *People v Johnson,* 55 NY2d 931; *cf., People v Rowell,* 59 NY2d 727).

In addition, the defendant argues that the court erred in denying suppression of the statements he made to a Town of Cortlandt police officer on October 22, 1984, on the ground that the Cortlandt police were acting as agents of the State Police. The People do not contest the hearing court's finding that Cortlandt police officers were acting as agents of the State Police on October 22, 1984, with respect to the Picariello investigation. Therefore, if the State Police had been aware that the defendant was represented by an attorney on the Picariello matter at that time, any noncustodial questioning by the Cortlandt police would have been in violation of the defendant's right to counsel *(see, People v Bell,* 73 NY2d 153). However, since we have concluded that the State Police were not aware of the defendant's representation by counsel as of December 12, 1984, the defendant's prior statements to the Cortlandt police were admissible. Finally, the evidence adduced at the hearing established that the defendant was represented by an attorney on an unrelated charge in the Town of Somers which was disposed of on June 11, 1984 by an adjournment in contemplation of dismissal. The case was ultimately dismissed on December 11, 1984. Even if that

charge were to be considered as pending until December 11, 1984 *(cf., People v Heller,* 99 AD2d 787), the police were not prohibited from eliciting inculpatory statements about the Picariello investigation from the defendant in a noncustodial situation *(see, People v Bell, supra).* The evidence elicited at the hearing established that the defendant was acting as an informant for the Cortlandt Police Department during the fall of 1984, that he voluntarily conversed with a police officer about the Picariello investigation, and was free to leave the police station afterwards. Accordingly, suppression was properly denied. Mangano, P. J., Kunzeman, Rubin and Balletta, JJ., concur.