OPINION OF THE COURT
Sheryl L. Parker, J.
Defendant was convicted, after a jury trial over which this court presided, of assault in the third degree (Penal Law § 120.00 [2]), reckless endangerment in the second degree *618 (Penal Law § 120.20) and harassment (Penal Law § 240.25 [1]). The defendant moves pursuant to CPL 330.30 (1) to set aside the verdict on the ground that the prosecutor’s failure to disclose the fact that the complaining witness received an adjournment in contemplation of dismissal (CPL 170.55) shortly before his trial testimony constituted prosecutorial misconduct.
During the morning of jury selection, a trial preparation assistant working with the prosecutor accompanied the complaining witness to an All Purpose Part in Criminal Court where he voluntarily surrendered himself on an outstanding bench warrant. He was arraigned on charges of theft of services, his first and only arrest, and was granted an adjournment in contemplation of dismissal (ACD). Subsequent to the complainant receiving an ACD, the jury was sworn and the prosecutor gave her opening address.
After the complaining witness and other witnesses for the People testified, but before the close of the People’s case, the defendant moved for a mistrial on the ground that the prosecutor had failed to disclose that the complaining witness had a pending criminal matter. This court denied the defendant’s motion, but ordered that the complaining witness be recalled for questioning on this matter. The witness was recalled and was extensively cross-examined concerning the facts underlying the ACD’d case and the circumstances under which he received the ACD.
The defendant contends that the prosecutor’s failure to disclose the complainant’s ACD caused prejudice to the defendant which could not be corrected by recalling the witness and, thus requires setting aside the verdict.
The first issue to be considered is whether a prosecutor must disclose to a defendant that a witness has received an ACD. CPL 240.45 (1) (c) provides that after a jury has been sworn and before the prosecutor’s opening address, the prosecutor must disclose the existence of "any pending criminal action” against a witness the prosecution intends to call at trial if the prosecutor is aware of such pending action. Defendant argues that an ACD constitutes a "pending criminal action”.
It appears that within the context of discovery, this is a matter of first impression. There are, however, two contrary views on this issue, albeit in different contexts. For purposes of malicious prosecution suits, an ACD is considered to be a *619 pending criminal matter, but for purposes of Sixth Amendment right to counsel issues, an ACD is not considered to be a pending matter.
A plaintiff who has received an ACD cannot maintain a malicious prosecution suit, since a prerequisite for such an action, that the criminal proceedings instigated by the civil defendant have been terminated in favor of the accused, has not been met. (Hollender v Trump Vil. Coop., 58 NY2d 420 [1983].) In this context, the ACD is considered to be an adjournment without a decision on the merits. The dismissal occurs at the expiration of the six-month adjournment and not when the adjournment was initially granted. (Kenul v Hollander, 86 Misc 2d 466 [Dist Ct, Nassau County 1976].) The pendency of an ACD is characterized as "a form of pre-conviction, unsupervised probation which within six months can be revoked by the prosecutor, but which at the end of six months ripens into a dismissal of the original charge.” (Cardi v Supermarket Gen. Corp., 453 F Supp 633, 635 [1978].)
In direct contrast to the malicious prosecution cases, the cases dealing with the NY Constitution, article I, § 6 right to counsel hold that an ACD does not constitute a pending criminal action. Therefore, a defendant is not entitled to have counsel present before waiver of his right to counsel on a new arrest when the six-month adjournment of an ACD on a prior case has not expired, since the criminal matter is practically terminated when the adjournment is initially granted and, consequently, so is the attorney-client relationship. (People v Jordan, 143 AD2d 367 [2d Dept 1988]; People v Marquez, 141 Misc 2d 121 [Sup Ct, Kings County 1988].)
The right to counsel line of cases accurately reflects the practical effects of an adjournment in contemplation of dismissal. In the vast majority of cases, once the ACD has been granted, neither the defendant nor his attorney ever appear in court again on that case. Therefore, in the context of right to counsel, it follows that an ACD should not be considered a pending criminal matter. However, the focus of discovery is quite different.
The discovery provisions of the Criminal Procedure Law are designed to ensure that a defendant is provided with certain information concerning the case pending against him. Section 240.45 (1) relates in particular to prosecution witnesses. This section requires the prosecution to disclose not only the criminal convictions, but also, the pending criminal actions against *620 prosecution witnesses. Defendant’s attorney may seek to impeach a witness’s credibility based on his prior criminal convictions or pending cases. Due process and fundamental fairness require disclosure of such matters affecting the credibility of witnesses and, therefore, in the context of discovery, a matter which has been adjourned in contemplation of dismissal constitutes a "pending criminal action” and must be disclosed to the defendant.
The second issue to be considered is whether recalling the witness to testify was a sufficient remedy to the prosecution’s failure to disclose the complainant’s ACD. The defendant argues that the failure to disclose the ACD constitutes prosecutorial misconduct and requires setting aside the verdict. A specific request for the criminal histories of the prosecution’s witnesses was made by the defendant in his pretrial omnibus motion. Thus, the prosecution was on notice that this was a matter of importance to the defendant. However, there was no demonstration of intentional misconduct by the prosecutor. Since this appears to be a matter of first impression, and, as discussed above, there are a number of cases which hold that an ACD does not constitute a pending criminal action for purposes of right to counsel, it is not unreasonable that the prosecutor concluded that the complainant’s ACD did not constitute a pending criminal action for discovery purposes.
CPL 240.70 (1) provides for sanctions for violations of discovery rules and permits the court to take any appropriate action. Since the trial was still in progress when the defendant learned of the complainant’s ACD and, in fact, the prosecution’s case had not been completed, the sanction requiring the recalling of the witness was appropriate.
In view of this action, the failure to disclose the ACD does not constitute a Brady violation requiring setting aside the verdict. The Court of Appeals recently set forth the standard to be used in determining whether a prosecutor’s failure to disclose evidence favorable to the defendant requires reversal. In People v Vilardi (76 NY2d 67, 77) the court held that, "where the prosecutor was made aware by a specific discovery request that defendant considered the material important to the defense”, the prosecution’s failure to disclose that material does not warrant setting aside the conviction unless there is a showing of a "reasonable possibility” that the failure to disclose the material contributed to the verdict. In this case, although there is no question that the defendant had made a specific discovery request, there is no reasonable possibility *621 that the prosecution’s failure to disclose the complainant’s ACD contributed to the verdict, since the defendant was given a meaningful opportunity to use this information to cross-examine the complainant. In such a situation, a defendant is not deprived of a fair trial. (See, People v Cortijo, 70 NY2d 868, 869 [1987]; People v Brown, 67 NY2d 555, 556 [1986]; People v Smith, 63 NY2d 41, 68 [1984]; People v Bolling, 157 AD2d 733 [2d Dept 1990].)
Accordingly, the defendant’s motion to set aside the verdict is denied.