■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUFUS BROWN JR., Appellant.—Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered March 6, 1990, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the third degree.

We reject defendant's contention that County Court erred in denying his motion to suppress. Where, as here, the People have justified the police interrogation, it was up to defendant to make the claim that he was represented by counsel on another pending charge of which the police had knowledge and to show that at the time of the interrogation he was represented by counsel on the earlier charge (see, People v Rosa, 65 NY2d 380, 387). Defendant has failed to do this. In any event, the Court of Appeals has recently ruled that the right to counsel is not violated where a defendant is questioned by the police solely on matters unrelated to a prior pending charge even if the defendant was represented by counsel on the prior charge (People v Bing, 76 NY2d 331). Additionally, in this case, given that the predicate for defendant's arrest was a warrant for violation of a conditional discharge on the prior charge, the prior charge is not considered to have been a *pending* charge and therefore any duty to inquire as to whether defendant was represented by counsel on the prior charge did not apply (see, People v Heller, 99 AD2d 787). Finally, we find no merit to defendant's contention that the prison sentence he received as a predicate felon of 2 to 4 years was harsh and excessive. While the sentence was the harshest that could have been imposed, defendant was told at the time of his plea that this was the sentence he might receive and the plea was in full satisfaction of a four-count indictment (see, People v Hadden, 158 AD2d 856, *lv denied* 76 NY2d 847).

Casey, J. P., Yesawich Jr., Mercure, Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed.