■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN CROMWELL, Appellant.

After the close of the evidence, but before the court charged the jury, juror number seven indicated that she wanted to attend her mother's funeral mass the following day. The defendant suggested that the court "suspend" jury deliberations so that the juror could attend the mass. By statute, however, the jury must be continuously kept together (see, CPL 310.10). Although the Court of Appeals has recently held that a defendant may, by express affirmative waiver, agree to the overnight, unsupervised, release of jurors (see, People v Webb, 78 NY2d 335), we cannot say that the court improvidently exercised its discretion in declining to begin and then suspend deliberations so that the juror could attend the mass. The defendant never specifically requested that the court adjourn the onset of deliberations and thereby allow the juror to attend the funeral mass before deliberations began. Accordingly, his contention that her discharge was error is unpreserved for our review (see, CPL 470.05 [2]; People v Peters, 175 AD2d 220; cf., People v Jackson, 149 AD2d 532).

The defendant also contends that it was reversible error for the prosecutor to ask one of the People's witnesses on direct examination, "Did you have occasion to testify at a suppression hearing on this case?" There was no proper basis for this question. The court, however, sustained the defendant's objection and gave a prompt curative instruction which adequately alleviated any prejudice to the defendant (see, People v Ashwal, 39 NY2d 105, 111; People v Solano, 159 AD2d 738).

There is no merit to the defendant's contention that his statements to the police should have been suppressed because he was represented by counsel on an unrelated charge at the time (see, *People v Bing,* 76 NY2d 331; *People v Gee,* 104 AD2d 561; *People v Heller,* 99 AD2d 787; *People v Marshall,* 98 AD2d 452).

The defendant's contention that the court committed reversible error when it failed to respond to a jury request to have testimony read back is unpreserved for appellate review (see, CPL 470.05 [2]; *People v Wenzel,* 77 AD2d 715; *cf., People v Pena,* 50 NY2d 400, 410, *cert denied* 449 US 1087).

We have considered the defendant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Ritter and Copertino, JJ., concur.