People v Lee (2018 NY Slip Op 08508)





People v Lee


2018 NY Slip Op 08508


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2012-10324
 (Ind. No. 7438/11)

[*1]The People of the State of New York, respondent,
v
Chauncey Lee, appellant.


Paul Skip Laisure, New York, NY (Samuel Barr of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Solomon Neubort, and Julian Joiris of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William Garnett, J.), rendered November 9, 2012, convicting him of attempted assault in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress a lineup identification and his written statement to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant had a prior criminal matter that was disposed of by the granting of an adjournment in contemplation of dismissal (hereinafter an ACD). Thereafter, the defendant was identified in a lineup as the perpetrator of a stabbing, and gave a written statement wherein he admitted to the stabbing, but claimed that it was done in self-defense. Contrary to the defendant's contention, the Supreme Court correctly denied those branches of his omnibus motion which were to suppress the lineup identification and his written statement, as there was no violation of the defendant's right to counsel. The granting of the ACD "effectively terminate[d]" the defendant's prior criminal matter and his "legal representation in connection therewith" (People v Jordan, 143 AD2d 367, 368).
The defendant did not preserve the specific arguments that he raises on appeal regarding the legal sufficiency of the evidence, and we decline to review these arguments in the exercise of our interest of justice jurisdiction (see CPL 470.05[2]; People v Gray, 86 NY2d 10, 19). Upon the exercise of our independent factual review power (see CPL 470.15[5]), we are satisfied that the verdict of guilt was not against the weight of the evidence.
Similarly, the defendant did not preserve his argument regarding the Supreme Court's jury charge on justification, and we decline to review this argument in the exercise of our interest of justice jurisdiction (see CPL 470.05[2]; People v Louis, 153 AD3d 728, 728).
The defendant's remaining contentions are without merit.
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court