People v Pabon (2019 NY Slip Op 05292)





People v Pabon


2019 NY Slip Op 05292


Decided on June 28, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


692 KA 17-00583

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
REYNALDO PABON, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Monroe County (Francis A. Affronti, J.), dated April 18, 2016. The order denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting defendant of arson in the second degree. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: Defendant pleaded guilty to arson in the second degree (Penal Law § 150.15). After sentencing, defendant moved to vacate the judgment of conviction pursuant to CPL article 440, asserting in relevant part that defense counsel was ineffective for failing to move to suppress his confession on the ground that it was elicited in violation of his indelible right to counsel. Supreme Court denied the motion without a hearing. A Justice of this Court thereafter granted defendant's motion for leave to appeal, and we now affirm.
Even assuming, arguendo, that defendant's claim of ineffective assistance of counsel is neither forfeited by his guilty plea nor precluded by his valid waiver of the right to appeal (see generally People v Mangarillo, 152 AD3d 1061, 1064 n 2 [3d Dept 2017]), we nevertheless conclude that it lacks merit. Notably, both the Second and Third Departments have rejected the exact theory regarding the indelible right to counsel that defendant faults defense counsel for overlooking (see People v Brown, 174 AD2d 842, 842 [3d Dept 1991]; People v Heller, 99 AD2d 787, 788 [2d Dept 1984]; see also People v Jordan, 143 AD2d 367, 368-369 [2d Dept 1988], lv denied 73 NY2d 856 [1988]), and this Court has rejected an argument very similar to those rejected in Brown and Heller (see People v Brant, 277 AD2d 1022, 1022 [4th Dept 2000], lv denied 96 NY2d 756 [2001]). Defendant identifies no authority to support his current assertion that the police questioned him in violation of his indelible right to counsel, and the premise underlying his attempt to distinguish Heller and its progeny has been explicitly rejected by the Court of Appeals (see People v Colwell, 65 NY2d 883, 885 [1985]; see also People v Robles, 72 NY2d 689, 695 [1988]; People v Marshall, 98 AD2d 452, 461-463 [2d Dept 1984]). Thus, because the governing law was unfavorable to a suppression motion on the precise theory upon which defendant now relies, defense counsel's failure to file such a motion cannot be deemed ineffective (see People v Brunner, 16 NY3d 820, 821 [2011]; People v Bradford, 118 AD3d 1254, 1255-1256 [4th Dept 2014], lv denied 24 NY3d 1082 [2014]). We note that defendant does not contend that defense counsel was ineffective for failing to seek suppression on the ground that a new right to counsel attached indelibly upon the filing of a conditional discharge violation petition against him (see generally People v Hilliard, 20 AD3d 674, 676-678 [3d Dept 2005], lv denied 5 NY3d 853 [2005]).
Entered: June 28, 2019
Mark W. Bennett
Clerk of the Court