■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN HODGE, Appellant.—Judgment of the Supreme Court, Bronx County (Lawrence Bernstein, J.), rendered October 31, 1986, convicting defendant, after a jury trial, of murder in the second degree and sentencing him to an indeterminate term of imprisonment of 25 years to life, unanimously affirmed.

Defendant was found guilty of murdering his landlord. The record supports the conclusion of the suppression court that there was probable cause to arrest defendant, who was found in the apartment from which he had been legally evicted. The likelihood that a crime had been or was being committed was evident from the fact that the lock to the apartment had been broken.

Equally unavailing is defendant's claim that the police fabricated a charge of criminal trespass in the hope that, during defendant's detention, incriminating evidence would unfold to sanction an arrest for homicide. "[D]efendant's Fourth Amendment rights [are] not violated even if the purpose of [a] lawful arrest [is] to question him about [another] offense" *(People v Cypriano,* 73 AD2d 902, 903).

We are satisfied that the court's amendment of the indictment, changing the description of the weapon with which defendant was accused of shooting the victim from that of a "loaded pistol" to "a firearm", was permissible since the nature of the weapon was not a material element of the crime of second degree murder or first degree manslaughter *(People v Spann,* 56 NY2d 469).

The court properly admitted into evidence the deceased's statement that he intended to meet defendant on the day he was killed as proof that the meeting took place. The deceased had a legitimate business reason to meet defendant, a former tenant who had been evicted, to enable defendant to gather his personal property from the apartment. Therefore, the prosecutor showed that the intent to meet defendant was a "serious one" and "likely to occur" *(People v Malizia,* 92 AD2d 154).

The allegedly improper comments by the prosecutor in summation were made without objection and therefore are not preserved as a matter of law for review upon this appeal. Moreover, were we to entertain the argument in the interests of justice, any improper comments would be deemed harmless in view of the overwhelming evidence of defendant's guilt *(People v Crimmins,* 36 NY2d 230).

Finally, we are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, "among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction", we perceive no abuse of discretion warranting a reduction in sentence *(People v Farrar,* 52 NY2d 302, 305). Concur— Sullivan, J. P., Ross, Milonas, Smith and Rubin, JJ.