**Martin HODGE, Petitioner–Appellant,**

**v.**

**Charles GREINER, Superintendent, Sing Sing Correctional Facility, Respondent–Appellee.**

**Docket No. 01–2216.**

United States Court of Appeals, Second Circuit.

Submitted: Sept. 4, 2001.

Decided: Oct. 11, 2001.

George W. Galgano, Jr., Hawthorne, NY, submitted papers for petitioner-appellant.

Before NEWMAN, CALABRESI, and SACK, Circuit Judges.

JON O. NEWMAN, Circuit Judge.

This motion for a Certificate of Appealability ("COA") to appeal the denial of a petition for a writ of habeas corpus merits a brief opinion to consider the claim that the pendency of an Article 78 proceeding in the New York state courts tolls the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104–132, 110 Stat. 1214 (1996) ("AEDPA"). We conclude that, at least in the circumstances of this case, the Article 78 petition does not toll the limitations period, and we therefore deny the motion.

## Background

In 1986, Martin Hodge was convicted in the New York Supreme Court of murder and sentenced to imprisonment for twenty-five years to life. His conviction was affirmed by the Appellate Division, *People v. Hodge*, 157 A.D.2d 598, 550 N.Y.S.2d 346 (1st Dep't 1990), and leave to appeal to the New York Court of Appeals was denied, *People v. Hodge*, 75 N.Y.2d 967, 556 N.Y.S.2d 252, 555 N.E.2d 624 (1990).

On November 22, 1996, pursuant to a request Hodge had made under New York's Freedom of Information Law, he received photographs taken at the crime scene. According to Hodge, these photographs showed footprint patterns different from the pattern of the sneakers he was wearing at the time of his arrest.

Thereafter, Hodge proceeded in the New York courts on two fronts, an Article

78 proceeding to obtain additional documents concerning the investigation of his offense and a section 440.10 proceeding to vacate his conviction. *See* N.Y. C.P.L.R. 7801–06 (McKinney 1994) (Article 78 proceeding); N.Y.Crim. Proc. Law § 440.10 (McKinney 1994) (motion to vacate judgment). The Article 78 petition was filed on February 11, 1997. By order dated October 14, 1998, and filed November 7, 1998, the New York Supreme Court denied the petition. The section 440.10 motion was filed on November 5, 1997, and denied by the State trial court on July 2, 1998. The Appellate Division denied leave to appeal on September 2, 1998. The State trial court denied Hodge's request for reconsideration of the section 440.10 denial on December 22, 1998, and the Appellate Division denied leave to appeal from that ruling on February 26, 1999.

Hodge sought a writ of error *coram nobis* in the Appellate Division on May 29, 1999, which was denied on June 15, 2000. *People v. Hodge*, 273 A.D.2d 950, 714 N.Y.S.2d 625 (1st Dep't 2000).

On August 1, 1999, Hodge signed a petition for federal habeas corpus pursuant to 28 U.S.C. § 2254, which was received by the District Court on August 20, 1999. Magistrate Judge Henry Pitman recommended denial of the petition because of untimeliness. Without deciding whether the photographs that Hodge received pursuant to his FOIL request were new or exculpatory or could not have been discovered earlier, the Magistrate Judge was willing to assume that the date of their receipt, November 22, 1996, started a new one-year limitations period under AEDPA. *See* 28 U.S.C. § 2244(d)(1)(D). The Magistrate Judge deemed the new one-year clock stopped on November 5, 1997, when Hodge filed his section 440.10 motion. At that date, 17 days of the one-year period remained. The Magistrate Judge deemed

the clock to start again on February 26, 1999, when the Appellate Division denied leave to appeal Hodge's request for reconsideration of the denial of the section 440.10 motion. The remaining 17 days expired on March 15, 1999. The Magistrate Judge recommended that the habeas petition, which he deemed "filed" when signed no earlier than August 1, 1999, *see Houston v. Lack*, 487 U.S. 266, 270–71, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (*pro se* petitions of incarcerated litigants deemed filed when delivered to prison officials for mailing), was untimely. He implicitly declined to toll the limitations period by the interval during which Hodge's Article 78 proceeding was pending and explicitly did not consider the interval during which Hodge's *coram nobis* proceeding was pending because it was initiated after the time for filing a federal habeas petition had already expired.

The District Court (Allan G. Schwartz, District Judge) accepted the Magistrate Judge's recommendation to dismiss because of untimeliness. Judge Schwartz explicitly considered and rejected Hodge's claim that the pendency of his Article 78 proceeding should toll the AEDPA limitations period, and he found no basis for equitable tolling. The District Court denied a COA. Hodge filed a timely notice of appeal, which we construed as a request for a COA.

## Discussion

■ For prisoners whose convictions became final before the effective date of AEDPA, the normal one-year limitations period starts on that effective date, April 24, 1996. *Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir.1998). Like the District Court, we will assume that Hodge was entitled to have a new one-year period start on November 22, 1996, when he received the allegedly exculpatory photographs.

■ AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period established by subsection 2244(d). 28 U.S.C. § 2244(d)(2). Because Hodge's federal habeas petition is untimely even if the one-year period is tolled from the time he filed his section 440.10 motion until the Appellate Division denied leave to appeal the denial of reconsideration,[1] but would be timely if the pendency of his Article 78 proceeding tolls the limitation period,[2] the issue is whether Hodge's Article 78 proceeding was an "application for State post-conviction or other collateral review" within the meaning of subsection 2244(d)(2). We agree with the District Court that it was not.

■ Hodge's Article 78 proceeding did not challenge his conviction. Rather, it sought material he claimed might be of help in developing such a challenge, in addition to the crime scene photographs he had already obtained. As Judge Schwartz noted, if a filing of that sort could toll the AEDPA limitations period, prisoners could substantially extend the time for filing federal habeas petitions by pursuing in state courts a variety of applications that do not challenge the validity of their convictions. *See Sorce v. Artuz,* 73 F.Supp.2d 292, 297–98 (E.D.N.Y.1999) (denying AEDPA toll-

ing during pendency of request for documents). If a prisoner believes he is entitled to discovery in aid of a state or federal collateral attack, his remedy is to seek such relief from the court where a properly filed and timely collateral attack on his conviction is pending. We need not decide whether, on facts differing from those in the pending matter, an Article 78 proceeding might be deemed the functional equivalent of an "application for State post-conviction or other collateral review" within the meaning of subsection 2244(d)(2). We also agree with the District Court that no basis for equitable tolling has been shown.

Because Hodge's federal habeas petition was untimely, it cannot satisfy the requirement of a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and we therefore deny the motion for a COA.

---

1. We need not consider whether the interval tolled by the section 440.10 proceeding is the entire time from initial filing of the motion in the State trial court until denial by the Appellate Division of leave to appeal from the denial of reconsideration, or only the time during which proceedings on the section 440.10 motion were actually pending before the State trial court and the Appellate Division. *Compare Bennett v. Artuz,* 199 F.3d 116, 119–20 (2d Cir.1999) (dictum stating that entire interval tolls AEDPA limitations period), *with Robinson v. Ricks,* 163 F.Supp.2d 155 (E.D.N.Y.

2001) (holding only intervals in which proceeding or appeal is actually pending toll AEDPA limitations period); *see also Hizbullahankhamon v. Walker,* 255 F.3d 65, 70, 72 (2d Cir.2001) (characterizing statement in *Bennett* as a holding).

2. Hodge seeks tolling from February 11, 1997, when he filed his Article 78 petition, until November 5, 1997, when tolling indisputedly began with the filing of his section 440.10 motion.