**Cesari HARDIMAN, Petitioner—Appellant,**

v.

**George M. GALAZA, Warden, Respondent—Appellee.**

No. 01–56531.

D.C. No. CV–00–10294–LGB(Mc).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 2003.

Decided March 3, 2003.

Before B. FLETCHER and
HAWKINS, Circuit Judges, and BURY,*
District Judge.

## MEMORANDUM**

Petitioner–Appellant Cesari Hardiman
appeals the district court's dismissal, on
timeliness grounds, of his petition for a
writ of habeas corpus. Hardiman con-
tends that the statute of limitations should
have been statutorily and/or equitably
tolled to render his petition timely under
the Anti–Terrorism and Effective Death
Penalty Act (AEDPA), 28 U.S.C.
§ 2244(d)(2). We affirm the district court.

## I. BACKGROUND

In June 1991, Hardiman was convicted
in Los Angeles County of one count of
first-degree murder with personal use of a
firearm and two counts of attempted mur-
der. He was sentenced on July 19, 1991,
to twenty-five years to life in state prison,
plus two consecutive terms of twenty-five
years to life. Hardiman's convictions were
affirmed by the California Court of Appeal
on February 3, 1994, and his petition for
review before the California Supreme
Court was denied on June 1, 1994.

Almost two years later, commencing on
April 30, 1996, Hardiman filed a series of
three mandamus petitions in the California
state courts. Hardiman was seeking a
court order requiring his trial counsel to
turn over his case file and any other mate-
rials pertaining to his case. Hardiman's
final petition for mandamus, before the

---

\* Honorable David Bury, of the United States
District Court for the District of Arizona, sit-
ting by designation.

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

California Supreme Court, was denied on March 26, 1997.

On April 18, 1997, Hardiman signed[1] a habeas petition to be filed in Los Angeles County Superior Court. That petition was denied on May 9, 1997, and Hardiman's subsequent motion for reconsideration was denied on June 10, 1997. Approximately one year and eight months later, on February 5, 1999, Hardiman filed a petition for writ of habeas corpus in the California Court of Appeal. The appellate court denied Hardiman's petition on February 5, 1999, holding that Hardiman had no explanation for the lengthy delay in filing the petition and that the petition lacked merit in any case. On June 14, 1999, Hardiman filed a petition for writ of habeas corpus in the California Supreme Court, which was denied on October 27, 1999.

Hardiman signed his initial petition for a writ of habeas corpus to the federal district court on March 26, 2000, but the petition was not filed until September 25, 2000. Hardiman's first amended petition was also signed on March 26, 2000, but was not filed until September 26, 2000. Respondent moved to dismiss the first amended petition on December 27, 2000.

On April 27, 2001, Magistrate Judge James McMahon filed a report and recommendation ("R&R") that the district court grant the motion to dismiss Hardiman's petition as untimely. Hardiman filed his objections to the R&R on May 23, 2001. The district court filed an order adopting the R&R on June 18, 2001, and entered judgment dismissing Hardiman's petition on June 20, 2001. This appeal followed.

## II. ANALYSIS

■ Hardiman's claim of timeliness founders principally on one central point: the unavailability of statutory tolling during the period in which his mandamus petitions were pending in the California courts. Petitions for writ of mandate do not toll the limitations period because they are not "application[s] for State post-conviction or other collateral review with respect to the pertinent judgment or claims" within the meaning of § 2244(d)(2). *Hardiman v. Galaza*, Civil No. CV 00–10294–LGB, opinion at 6 (C.D.Cal. Apr. 27, 2001) (citing *Sorce v. Artuz*, 73 F.Supp.2d 292, 297 (E.D.N.Y.1999)) (hereinafter "Dist. Ct. Op."). We agree. *See also Moore v. Cain*, 298 F.3d 361, 367 (5th Cir.2002); *Hodge v. Greiner*, 269 F.3d 104, 107 (2d Cir.2001).[2]

■ The magistrate judge calculated that Hardiman's limitations period ran, untolled, from April 24, 1996,[3] through April

---

1. Hardiman was acting pro se before the district court. Because he was in prison, the "prison mailbox rule" applies to the calculation of the date on which his petition was filed. *Hardiman v. Galaza*, Civil No. CV 00–10294–LGB, opinion at 6 (C.D.Cal. Apr. 27, 2001) (citing *Saffold v. Newland*, 224 F.3d 1087, 1091 (9th Cir.2000)); *see also Houston v. Lack*, 487 U.S. 266, 270–71, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Although the docket reflects that the petition was filed on May 5, 1997, in light of the prison mailbox rule we will deem the petition "filed" as early as the date on which it was signed, April 18, 1997.

2. The *Hodge* court pointed out that a prisoner always has the option of filing a habeas petition in a timely manner and then seeking additional discovery or documentation. Should the additional information provide grounds for additional claims, the petitioner may always seek to amend the petition. *See* Fed.R.Civ.P. 15(a) (leave to amend pleading "shall be freely given when justice so requires"); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995) (noting that district court's "denial of a motion for leave to amend pursuant to Rule 15(a) is reviewed for abuse of discretion and in light of the strong public policy permitting amendment") (internal citation omitted).

3. A petitioner's one-year limitation period is deemed to run one year from AEDPA's effective date of April 24, 1996. *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283,

18, 1997, the date on which Hardiman signed his petition for habeas corpus to be filed in Los Angeles County Superior Court: a period of 359 days, six days short of the one-year limitation period. Even if we agree that Hardiman was entitled to tolling of the entire period between April 18, 1997, and October 27, 1999, while Hardiman's habeas petitions were pending in the California courts, Hardiman would have had only through November 2, 1999, to file his federal habeas petition. However, Hardiman did not file his federal petition until, at the earliest, March 26, 2000[4] —approximately five months too late.

Hardiman's claim of equitable tolling is also unavailing. Equitable tolling of the filing deadline for a habeas petition is available "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir.2002) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999)) (internal quotation marks omitted). The burden of demonstrating extraordinary circumstances lies with the petitioner. *See United States v. Marolf*, 173 F.3d 1213, 1218 n. 3 (9th Cir.1999).

■ Hardiman argues that he is entitled to equitable tolling under *Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir.2000) (en banc). In *Whalem/Hunt*, this Court held that the unavailability of a copy of AEDPA in the prison law library where the petitioner was incarcerated could constitute either (1) an "impediment" to the petitioner's filing of a habeas petition, within the meaning of 28 U.S.C. § 2244(d)(1)(B), or (2) grounds for equitable tolling of the one-year limitation peri-

od. *Id.* at 1148. In his own declaration, however, Hardiman stated that he had knowledge of the "newly amended procedural rules governing the AEDPA" at least as of March 1999. Thus, even if we were to credit Hardiman's claim that he was ignorant of AEDPA until March 1999, and that the prison libraries lacked copies of AEDPA until that time, this still leaves an additional delay of approximately one year between the date Hardiman had gained access to a copy of AEDPA and the date he signed his habeas petition. Moreover, if Hardiman did in fact learn of the AEDPA rules in March 1999, there should have been no impediment to filing his federal petition in the six days he had remaining on the limitations period between October 27 and November 2, 1999. Even taking Hardiman entirely at his word, the period between November 2, 1999 and March 26, 2000 is unaccounted for, and cannot be tolled.

## III. CONCLUSION

Hardiman is ineligible for either statutory or equitable tolling of the period during which his mandamus petitions were pending in state court. Moreover, even if the prison law libraries were in fact deficient in the manner Hardiman describes, they do not establish his entitlement to equitable tolling for a period sufficient to render his federal habeas petition timely. Accordingly, the decision of the district court is AFFIRMED.

---

1287 (9th Cir.1997), *overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly)*, 163 F.3d 530 (9th Cir.1998) (en banc).

4. As the magistrate judge noted, there was no explanation in the record for the six-month gap between the date Hardiman signed his petition and the date it was deemed filed in the district court. Dist. Ct. Op. at 7.