Donovan COLEMAN (91–
A–9848), Petitioner,

v.

Harold McKINNEY, Superintendent of
Mount McGregor Correctional
Facility, Respondent.

Nos. 02–CV–4942 (JBW), 03–
MISC–0066 (JBW).

United States District Court,
E.D. New York.

June 11, 2003.

Johnnette Traill, Queens County District Attorney's, Kew Gardens, NY, for Respondent.

## JUDGMENT & ORDER

WEINSTEIN, Senior District Judge.

By order dated October 16, 2002, petitioner was directed to submit an affirmation to show cause why the instant petition should not be dismissed as time-barred. Petitioner was informed that if he sought equitable tolling of the limitations period, he should do so in his affirmation. In an affirmation dated November 25, 2002, petitioner claimed that his filing was timely, arguing (1) that the limitations period should be equitably tolled because he was removed for a period of time from the state prison system and not allowed to take any of his legal documents; and (2) that the limitations period should be tolled either by statute or equitably because of the pendency of his numerous state-law Freedom of Information Law ("FOIL") requests. Respondent's answer contends that the petition is untimely. Petitioner was granted an extension of time to reply to respondent and did so.

No hearing for this matter is necessary. The petition for a writ of habeas corpus is dismissed as time-barred.

## I. Limitations Period

Congress has set a one-year period of limitations for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). This limitations period ordinarily begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). A conviction becomes final for habeas purposes when the ninety-day period for filing a petition for a writ of certiorari to the United States Supreme Court has expired. *See McKinney v. Artuz,* 326 F.3d 87, 96 (2d Cir.2003); *see also* Sup.Ct. R. 13.

■ "[T]he district court has the authority to raise a petitioner's apparent failure to comply with the AEDPA statute of limitation on its own motion." *Acosta v. Artuz,* 221 F.3d 117, 121 (2d Cir.2000). "If the court chooses to raise sua sponte the affirmative defense of failure to comply with the AEDPA statute of limitation, however, the court must provide the petitioner with notice and an opportunity to be heard before dismissing on such ground." *Id.*

In calculating the one-year limitation period, the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2).

■ The "filing of creative, unrecognized motions for leave to appeal" does not toll the statute of limitations. *Adeline v. Stinson,* 206 F.3d 249, 253 (2d Cir.2000); *see also Artuz v. Bennett,* 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000) ("[A]n application is *'properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.... The question whether an application has been 'properly filed' is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar." (footnote omitted)).

■ In addition, the term "pending" in the statute has been construed broadly to encompass all the time during which a state prisoner attempts, through proper use of state procedures, to exhaust state court remedies with regard to a particular post-conviction application. *See Bennett v. Artuz,* 199 F.3d 116, 120 (2d Cir.1999). "[A] state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett v. Artuz,* 199 F.3d 116, 120 (2d Cir.1999), *aff'd by* 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000); *Carey v. Saffold,* 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002) (holding that the term "pending" includes the intervals between a lower court decision and a filing in a higher court for motions for collateral review).

■ "Equitable tolling ... is only appropriate in 'rare and exceptional circumstances.' To merit application of equitable tolling, the petitioner must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." *Smaldone v. Senkowski,* 273 F.3d 133, 138 (2d Cir.2001).

## II. Application

Petitioner's conviction became final on November 18, 1996, which is 90 days after

leave to appeal to the New York Court of Appeals was denied. Absent statutory or equitable tolling, his petition for a writ of habeas corpus was due one year later, on November 19, 1997.

■ Petitioner's applications for collateral relief in state court—including an application for a state writ of habeas corpus application filed on March 2, 2001; an application for a writ of error coram nobis filed on May 1, 2001; and a motion to vacate judgment filed on June 12, 2001—were all resolved by January 2002. Because the time in which to file a habeas application had passed several years earlier, none of these applications tolled the limitations period.

The instant petition for a federal writ of habeas corpus was filed on August 29, 2002, nearly five years out of time.

■ Liberally construing petitioner's argument, he first contends that his numerous FOIL requests, made pursuant to Article 78 of New York's Civil Practice Law and Rules, statutorily tolled the limitations period pursuant to section 2244(d)(2) of Title 28 of the United States Code. The Court of Appeals for the Second Circuit has rejected this argument, concluding that the purpose of Article 78 proceedings. is to discover material that might aid in a challenge to the conviction rather than a challenge to the conviction itself, and that "if a filing of that sort could toll the AEDPA limitations period, prisoners could substantially extend the time for filing federal habeas petitions by pursuing in state courts a variety of applications that do not challenge the validity of their convictions." *Hodge v. Greiner*, 269 F.3d 104, 107 (2d Cir.2001) (holding open the possibility that in an appropriate case an Article 78 proceeding could be the functional equivalent of an application for state post-conviction or other collateral review). Petitioner's FOIL requests were not the functional equivalent of a collateral attack on his conviction.

The *Hodge* court explained that "[i]f a prisoner believes he is entitled to discovery in aid of a state or federal collateral attack, his remedy is to seek such relief from the court where a properly filed and timely collateral attack on his conviction is pending." *Id.* Thus, even assuming the state did not respond appropriately to his FOIL requests and that petitioner had a procedural due process right to receive FOIL information, he cannot show that there was an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States," 28 U.S.C. § 2244(d)(1)(D), that might reset the limitations period.

■ Petitioner's claim that the limitations period should be equitably tolled during the pendency of his FOIL requests is likewise unavailing. As in the *Hodge* case, petitioner was in no way prevented from filing a petition for a writ of habeas corpus and then seeking discovery pursuant to Rules 6 and 7 of the Rules Governing Section 2254 Cases in the United States District Courts. *See also Catillo v. Artuz*, 2000 U.S. Dist. LEXIS 3064, at *13 (E.D.N.Y. Feb. 15, 2000).

■ Petitioner also claims that the limitations period should be equitably tolled during a period in which he was transferred from one correctional facility to another and did not have access to his legal papers. Accepting for argument's sake only the factual assertion of petitioner that this period lasted at most from January 1, 1997 until August 31, 1997, and assuming that separation from his papers is sufficient grounds under the circumstances of the instant case to warrant equitable tolling, petitioner's habeas application is still untimely. Tolling the statute for this 242 days period, petitioner's habeas application

was due on July 19, 1998, more than four years before it was actually filed. In any event the court finds that these transfer periods do not provide a basis for tolling.

██ Finally, petitioner arguably seeks statutory or equitable tolling of the limitations period for the time during which a previously filed habeas petition was pending in federal court. That petition, docketed as 96–CV–5228, was a challenge to another conviction and as such has no effect on the timeliness of the habeas petition attacking the instant conviction. At any rate, even if tolling were appropriate for the entire period during which the first habeas petition was pending—from October 24, 1996 to March 28, 1997—petitioner's instant habeas application would still be untimely. Tolling for this period, calculated in conjunction with tolling for the period of petitioner's transfers away from his "home" correctional facility, would require petitioner to have filed his habeas application at the latest by August 31, 1998, almost exactly four years before it was actually filed.

## III. Conclusion

The petition for a writ of habeas corpus is dismissed as time-barred. No certificate of appealability is granted, petitioner not having made a substantial showing of the denial of a constitutional right.

SO ORDERED.