Tommy **JOHNSON**, Petitioner,

v.

Gail **LEWIS**, Warden, Respondent.

No. CV 03–0015–GLT.

United States District Court,
C.D. California,
Western Division.

Feb. 10, 2004.

rely on date they first filed the complaint for statute of limitations purposes).

Tommy C. Johnson, Azusa, CA, pro se.

Tommy Johnson, Springville State Prison, Springville, CA, for Petitioner.

Xiomara Costello, CAAG–Office of Attorney General of California, Los Angeles, CA, for Respondent.

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

TAYLOR, District Judge.

Pursuant to 28 U.S.C. § 636, the Court has reviewed the file, including the Magistrate Judge's Report and Recommendation, *de novo*.

IT IS ORDERED that:

1. The Report and Recommendation is approved and adopted.

2. Judgment shall be entered denying the Petition and dismissing this action with prejudice.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve a copy of this Order and the Judgment on all counsel or parties of record.

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This Report and Recommendation is submitted to the Honorable Gary L. Taylor, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 01–13 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends that the Court deny the Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition") because it was filed beyond the applicable statute of limitations.

### I. BACKGROUND

#### A. State Court Proceedings

On August 9, 1999, petitioner Tommy Johnson ("petitioner") was convicted by jury trial in Los Angeles County Superior Court of possession of cocaine base for sale and possession of marijuana for sale, in violation of CAL. HEALTH & SAFETY CODE §§ 11351.5 and 11359, respectively. [Motion to Dismiss, Ex. A.] He also admitted that he had suffered a prior serious and/or violent felony conviction (robbery) which qualified as a "strike" under California's "Three Strikes Law" (CAL. PENAL CODE §§ 1170.12(a)-(d); 667(b)-(i)). [Motion to Dismiss, Ex. D at 14.] Petitioner was sentenced to a total term of six years, eight months in state prison. [Motion to Dismiss, Ex. B.]

Petitioner appealed his sentence to the California Court of Appeal, Second Appellate District, Division Five, arguing that the trial court abused its discretion by refusing to dismiss his prior "strike" conviction. [Motion to Dismiss, Ex. D at 14.] On August 14, 2000, in a reasoned opinion, the Court of Appeal affirmed the judgment of the trial court in all respects, rejecting petitioner's claim on its merits.[1] [*Id.* at 15–16.] Petitioner then filed a petition for review with the Supreme Court of California *in pro per*, claiming (1) ineffective assistance of trial counsel, and (2) ineffective assistance of appellate counsel, both based upon the alleged failure to raise illegal search and seizure and violation of *Miranda* in his defense. [Motion to Dismiss, Ex. F at 23, 25.] On October 18, 2000, the California Supreme Court denied the petition for review without comment. [Motion to Dismiss, Ex. G.] Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court.

After pursuing direct review, Petitioner did not immediately seek collateral review of his underlying judgment of conviction or sentence. Instead, on April 11, 2001, petitioner constructively filed a petition for writ of mandate with the Los Angeles Superior Court *in pro per* seeking the return of money and property seized when he was arrested. [Motion to Dismiss, Ex. H at 117–18.] On May 10, 2001, the trial court denied this petition for a writ of mandate. [Motion to Dismiss, Ex. I.]

On June 16, 2002, petitioner constructively filed a state habeas petition with the Supreme Court of California claiming ineffective assistance of both trial and appel-

---

**1.** The Court of Appeal agreed with the State's contention that petitioner had been sentenced incorrectly, and ordered that the abstract of judgment reflect the appropriate sentence and fines. [Motion to Dismiss, Ex. D at 16–18.]

Petitioner's sentence was adjusted accordingly to reflect a total term of seven years, four months in state prison. [Motion to Dismiss, Ex. E.]

late counsel. [Motion to Dismiss, Ex. J at 165, 170, 172.] On November 20, 2002, this petition was denied without comment. [Motion to Dismiss, Ex. K.]

## B. Pending Proceedings

By way of his pending Petition, petitioner seeks federal habeas review of his underlying state conviction. [Petition at 2]. The Petition's proof of service establishes that petitioner constructively filed the Petition by delivering it to prison authorities for mailing to the Clerk's Office on December 19, 2002. [Petition at 10.] The Petition raises two claims: (1) ineffective assistance of trial counsel, and (2) ineffective assistance of appellate counsel. [Petition at 6–7.]

Respondent has filed a motion to dismiss, arguing that the Petition should be dismissed because it is time barred by the one-year limitations period pursuant to 28 U.S.C. § 2244(d). [Motion to Dismiss at 4–7.] Petitioner filed an Opposition, arguing that the Petition is not untimely, and that any delay was caused by ineffective assistance of counsel. [Opposition at 3–9.] Respondent has filed a reply and the matter now stands submitted.

## II. ANALYSIS

## A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), imposes a one-year statute of limitations upon a state prisoner seeking federal habeas review of his or her underlying state conviction and sentence. 28 U.S.C. § 2244(d)(1). AEDPA's one-year limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

█ As discussed above, petitioner directly appealed his underlying conviction and sentence in the state courts which culminated in the California Supreme Court denial of his petition for review on October 18, 2000. [Motion to Dismiss, Ex. G.] Petitioner did not seek review with the United State Supreme Court, therefore, for purposes of AEDPA's limitation period, his judgment of conviction became final 90 days later, on January 16, 2001. *See Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir.1999) (the period of "direct review" in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court). Therefore, unless tolled, AEDPA's one-year statute of limitations period began running the next day, on January 17, 2001, and ended on January 17, 2002. 28 U.S.C. § 2244(d)(1)(A); *Patterson v. Stewart*, 251 F.3d 1243, 1245–47 (9th Cir.2001).[2]

Petitioner failed to constructively file his pending Petition until December 19, 2002—over eleven months after the statute had run. Therefore, the pending Petition is time-barred unless petitioner is entitled to statutory or equitable tolling.

---

**2.** Petitioner incorrectly argues that his judgment did not become final until his state habeas petition was denied. [Opposition at 3–4.] AEDPA's limitations period begins to run from "the date on which the judgment became final by the conclusion of *direct* review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (emphasis added). Further, the AEDPA limita-

tions period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir.1999), *cert. denied*, 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 787 (2000).

## B. Statutory Tolling

▇▇▇ AEDPA's one-year limitations period may be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)"). The petitioner has the burden of demonstrating tolling facts. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir.2002). Further, in order to qualify for statutory tolling during the time the petitioner is pursuing collateral review in the state courts, the prisoner's state habeas petition must be constructively filed *before*, not after, the expiration of AEDPA's one-year limitations period. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir.2001), *cert. denied*, 538 U.S. 949, 123 S.Ct. 1627, 155 L.Ed.2d 492 (2003); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir.2000) (state petition filed a month-and-a-half after limitations period expired did not warrant statutory tolling). As discussed above, petitioner did not constructively file his state habeas petition with the California Supreme Court until June 16, 2002, nearly five full months after the statute of limitations period had run. [Motion to Dismiss, Ex. J at 170.] Therefore, petitioner is not entitled to any statutory tolling for his state habeas petition because the AEDPA limitations period had already expired. *Id.; see also, Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (a state application for post-conviction relief does not revive the one-year limitations period if such period has expired).

▇▇▇ In his Opposition to respondent's Motion to Dismiss, petitioner argues that he should be entitled to statutory tolling during the time his petition for writ of mandate was pending with the Los Angeles Superior Court because "it was a properly filed application for State [p]ost-conviction [relief]." [Opposition at 5.] This argument lacks merit. As respondent correctly argues, the petition for writ of mandate *only* sought the return of property seized during his arrest; it was not directed at his underlying conviction and sentence. Therefore, petitioner is not entitled to statutory tolling for the petition for writ of mandate because it does not constitute "a properly filed application for State post-conviction or other collateral review *with respect to the pertinent judgment or claim.*" Section 2244(d)(2) (emphasis added); *see also Malcom v. Payne*, 281 F.3d 951 (9th Cir.2002) (petition for clemency under Washington state law was not an application for "state post-conviction or other collateral review" and therefore did not toll the statute); *Moore v. Cain*, 298 F.3d 361, 366–67 (5th Cir.2002), *cert. denied*, 537 U.S. 1236, 123 S.Ct. 1360, 155 L.Ed.2d 202 (2003) (state court mandamus application requesting that trial court be directed to rule on state habeas application was not an application for collateral review with respect to prisoner's conviction, and thus did not toll one-year limitation period); *Hodge v. Greiner*, 269 F.3d 104, 107 (2d Cir.2001) (finding no basis for equitable tolling where petitioner sought discovery, on which he intended to base his collateral attack, through state law proceeding rather than timely filing habeas petition).

Alternatively, petitioner appears to argue that he should be entitled to statutory tolling because he only recently became aware of the factual predicate on which his pending claims are based. [Opposition at 7.]

The AEDPA provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C.

§ 2244(d)(1)(D) ("Section 2244(d)(1)(D)"). In his pending Petition, petitioner raises the same claims that he asserted in the petition for review that he filed with the California Supreme Court on September 7, 2000. [Motion to Dismiss, Ex. F at 33–43.] Consequently, petitioner's own state court records establish that he was well aware of the "factual predicate" for his pending claims more than four months before the AEDPA limitations period began to run. Therefore, petitioner's attempt to seek statutory tolling pursuant to Section 2244(d)(1)(D) is without merit and factually frivolous.

## C. Equitable Tolling

Petitioner also attempts to seek equitable tolling by arguing that his delay in filing was due to ineffective assistance of his trial and appellate counsel. [Opposition at 2, 7.] However, this argument also lacks merit.

■■■ Equitable tolling of AEDPA's limitations period is permitted "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir.1999). The petitioner has the burden of demonstrating that external forces, rather than his own lack of diligence, account for his failure to file a timely claim. *Id.* Also, an assertion that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. *Lott v. Mueller,* 304 F.3d 918, 925 (9th Cir.2002).

■■■ Where, as here, the petitioner has no statutory right to counsel, an attorney's negligence in general does not constitute an extraordinary circumstance sufficient to warrant equitable tolling. *See Frye v. Hickman,* 273 F.3d 1144, 1146 (9th Cir. 2001) (attorney's negligence in calculating the deadline for a federal habeas petition, resulting in a late filing, did not warrant

equitable tolling), *cert. denied,* 535 U.S. 1055, 122 S.Ct. 1913, 152 L.Ed.2d 823 (2002); *see also Miranda v. Castro,* 292 F.3d 1063, 1067–68 (9th Cir.2002) (appointed appellate counsel's letter following direct review providing the petitioner with an erroneous federal habeas deadline was not sufficient to warrant equitable tolling), *cert. denied,* 537 U.S. 1003, 123 S.Ct. 496, 154 L.Ed.2d 399 (2002); *Majoy v. Roe,* 296 F.3d 770, 776 n. 3 (9th Cir.2002) (previous attorney allegedly making timely filing "impossible" was insufficient to trigger equitable tolling).

■■■ Recently, the Ninth Circuit held that, although routine instances of attorney negligence do not generally constitute "extraordinary circumstances" entitling a habeas petitioner to equitable tolling, there are certain occasions where an attorney's failure to take necessary steps to protect his client's interests is so egregious and atypical that the court may deem equitable tolling appropriate. *Ford v. Hubbard,* 330 F.3d 1086, 1106 (9th Cir.2003), *petition for cert. filed,* 72 U.S.L.W. 3147 (U.S. Aug 08, 2003) (NO. 03–221); *Spitsyn v. Moore,* 345 F.3d 796 (9th Cir.2003) (equitable tolling warranted where petitioner's federal habeas attorney failed to prepare and file a petition as promised and failed to return petitioner's file until two months after the limitations period had expired even though petitioner had made a timely request for the return of his file). Nothing in the record suggests that petitioner's trial or appellate counsel engaged in any "egregious and atypical" conduct that, in turned, caused petitioner to file his pending Petition after AEDPA's limitation period expired. On the contrary, as discussed above, petitioner's own petition for review establishes that he was well aware of the factual predicate of his pending claims before the AEDPA statute of limitations even began to run, thereby establishing

that his tardy filing was totally attributable to his own lack of diligence.

Accordingly, petitioner is not entitled to statutory tolling.

### III. RECOMMENDATION

In accordance with the foregoing, IT IS RECOMMENDED that the Court issue an order: (1) approving and adopting this Report and Recommendation; and (2) directing that judgment be entered dismissing this action with prejudice.